UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SAMPLE, | No. C 09-771 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| JAMES A. YATES, warden, | |
| Respondent. | |

## INTRODUCTION

Joseph Sample, an inmate at the Pleasant Valley State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for review.

## BACKGROUND

Sample's petition provides the following information:   Sample was convicted in San Mateo County Superior Court of assault with a deadly weapon. He was sentenced on March 14, 2007, to four years in state prison. He appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges that Sample was denied his Sixth Amendment right to effective assistance of counsel. Sample alleges in his petition that counsel was ineffective in connection with Sample's motion to withdraw his guilty plea. Liberally construed, the claim is cognizable in a federal habeas action and warrants a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition states a cognizable claim for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **August 21, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

1       4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse
2 with the court and serving it on respondent on or before **September 25, 2009**.

3       5.      Petitioner's <u>in forma pauperis</u> application is DENIED because he has enough
4 money in his trust account to pay the filing fee. (Docket # 4.) No later than **July 31, 2009**,
5 petitioner must pay the $5.00 filing fee or this action will be dismissed.

6       IT IS SO ORDERED.

7 DATED: June 8, 2009

                                        _____
8                                       SUSAN ILLSTON
                                        United States District Judge