UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SAMPLE, | No. C 09-0771 SI (PR) |
| Plaintiff, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| JAMES A. YATES, Warden, | |
| Defendants. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a pro se state prisoner pursuant to 28 U.S.C. § 2254 in which he challenges the constitutional validity of his no contest plea. For the reasons discussed herein, the petition is DENIED.

## BACKGROUND

In 2006, petitioner pleaded nolo contendere in the San Mateo County Superior Court to a charge of assault with a deadly weapon. The state appellate court summarized the relevant facts as follows:

> On December 4, 2006, [petitioner] entered his plea of no contest to the assault offense and admitted the prior strike with the understanding that he could be sentenced up to six years in state prison. The charges stemmed from an incident in which [petitioner] pursued a man and struck him three to four times with a black metal tire rod. The victim knew [petitioner] because they were involved in an ongoing dispute over a vehicle.
> On February 13, 2007, defense counsel [Alexandria Carl] informed the court that [petitioner] wished to move to withdraw his plea on the grounds that his plea was

> not knowing and intelligent, and that he was not provided all of the information regarding his case prior to entering the plea. Counsel stated that the motion created a conflict of interest in her representation of [petitioner]. The court appointed Eric Hove to investigate the possibility of making a motion to withdraw the plea.
>
> On March 14, 2007, Hove informed the court that after reviewing the record and interviewing [petitioner], there was not good cause for a motion to withdraw the plea. Hove indicated, however, that [petitioner] still wished to pursue the motion. [Petitioner] presented a letter to the court and argued that the dispatch report could prove his innocence because the officer giving the report claimed to know him but did not identify him by name until later. In response to the court's inquiry, Hove explained that he discussed these issues with [petitioner], noting that the officer saw [petitioner] strike the victim. The court found that there was not good cause to withdraw the plea and denied [petitioner]'s motion.
>
> The court sentenced [petitioner] to the low term of two years in state prison and doubled the term pursuant to the three strikes law for a total of four years.

(Ans., Ex. 6 at 1–2.)

Petitioner filed the instant federal habeas action after the state supreme court denied direct review.[1]

As grounds for federal habeas relief, petitioner alleges that defense counsel rendered ineffective assistance, in violation of the Sixth Amendment, when he informed the trial court that there were no valid grounds on which petitioner could base a motion to withdraw his plea. (Pet. at 6.)

## DISCUSSION

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

---

[1] Prisoners in state custody seeking federal habeas relief are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of the claims they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). Petitioner's direct appeal appears to have appropriately exhausted his claims, and respondent does not assert to the contrary. However, respondent's memorandum (docket no. 8) states at page 2: "Petitioner alleges that he filed a habeas corpus petition in San Mateo County Superior Court, which was denied on March 14, 2007." This appears to be incorrect; the March, 2007 proceeding referred to is petitioner's "motion to withdraw plea," which was denied on the same day as petitioner was sentenced based on his plea of no contest.

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

## B. Claims

Petitioner claims that defense counsel rendered ineffective assistance of counsel in his handling of petitioner's motion to withdraw his plea, and, additionally, that counsel divulged privileged information at the motion hearing. (Pet. at 6.) The state appellate court rejected these claims:

> [Petitioner] contends that he was deprived of the effective assistance of counsel because Hove disclosed privileged information to the court and asserted a position

3

that was adverse to [petitioner]'s interests. He relies on People v. McLeod (1989) 210 Cal.App.3d 585, 590, where the court in dicta stated that an attorney seeking to withdraw as counsel "'must be careful not to provide the court with too much detail regarding the grounds for withdrawal while, at the same time, protecting the record for appeal. The attorney-client privilege and the duty to maintain the client's confidence and secrets limit the information that can be divulged.' [Citation.]"

Here, however, Hove's remarks to the court were limited and did not infringe on [petitioner]'s attorney-client privilege. To the contrary, Hove informed the court that he reviewed the court file and that of trial counsel and interviewed [petitioner] and determined that there was not good cause under section 1018 to bring a motion to withdraw the plea. [Petitioner] then submitted a letter to the court in which he alleged that his trial counsel misrepresented important exculpatory evidence. [Petitioner] also made a statement to the court indicating the reasons he believed his trial counsel was incompetent. The court then asked Hove if he had discussed these issues with [petitioner]. Hove responded, "I went over and discussed these issues with [[petitioner]] as well as the discovery. Also the fact that in this particular case, it's Officer Zaid[i] . . . from East Palo Alto Police Department, who in his report and his testimony at the preliminary hearing [stated] he personally witnessed [petitioner] striking the victim in this particular case."

[Petitioner] argues that Hove's response to the court disclosed confidential information. We are not persuaded. [Petitioner], in his statement to the court, acknowledged that he was concerned with Officer Zaidi's description of him and his identification as the perpetrator. Under these circumstances, that Hove discussed with [petitioner] the fact that Zaidi testified at the preliminary hearing he saw [petitioner] strike the victim can hardly be viewed as a client confidence which Hove was required not to disclose.

More particularly, here the court sought to determine whether Hove's decision not to make a motion to withdraw the plea on [petitioner]'s behalf had a sound basis. Hove's comments to the court in response to the court's inquiry were necessary to support his position that he could not bring the motion. (See People v. Makabali (1993) 14 Cal.App.4th 847, 849–850, 853 [conflict attorney acted properly when he refused to file a motion to withdraw the [petitioner]'s plea after concluding the motion would not be viable]; People v. McLeod, supra, 210 Cal.App.3d at p. 589 ["not even the Sixth Amendment requires a defense attorney to act in violation of accepted ethical standards"]; People v. Brown (1986) 179 Cal.App.3d 207, 216 [counsel is not "compelled to make a motion, which, in counsel's good faith opinion, is frivolous or when to do so would compromise accepted ethical standards].")

We must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (Strickland v. Washington, supra, 466 U.S. at ¶. 668, 689.) Here, counsel, in good faith, informed the court of his investigation into whether [petitioner] had good cause to bring a motion to withdraw a plea. (See People v. Makabali, supra, 14 Cal.App.4th at p. 853.) [Petitioner] was not denied the effective representation of counsel because Hove concluded that there was not good cause to bring the motion. Rather, the record shows that Hove fully investigated the feasibility of bringing a motion and determined that he could not do so based on the record. [Petitioner] has failed to establish that Hove provided inadequate representation.

4

> [Petitioner]'s additional assertion that Hove wrongly concluded that a motion to withdraw the plea was frivolous is not supported by the record. [Petitioner] claims that Zaidi's testimony at the preliminary hearing was impeachable by the police report and police dispatch evidence. The record belies [petitioner]'s claim.
>
> At the preliminary hearing, Zaidi testified that he saw [petitioner] strike the victim multiple times with a black tire iron. Zaidi knew [petitioner] from previous contacts and called out to him by his first name. The victim also identified [petitioner] as the perpetrator in a photographic lineup. He told the police that he knew [petitioner] because they had an ongoing civil dispute over a vehicle. Even if Zaidi failed to give the dispatch operator [petitioner]'s name when he described the perpetrator, given the victim's identification of [petitioner] and the limited impeachment the dispatch report may have provided, it is not reasonably probable that [petitioner] would have prevailed on a motion to withdraw his plea.

(Ans., Ex. 6 at 3–5.)

After a person has entered a plea of guilty, the only challenges left open in federal habeas corpus concern the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead.[2] Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Tollett v. Henderson, 411 U.S. 258, 267 (1973). Where, as here, the petitioner is challenging his guilty plea,[3] the appropriate question is whether "(1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting Hill, 474 U.S. at 56–57).

It is both reasonable and not prejudicial for an attorney to forego a meritless objection. See Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005).

In the instant matter, if petitioner's motion was meritless, defense counsel Hove's actions did not constitute ineffective assistance. In order to determine whether the motion was meritless,

---

[2] There are some exceptions to this general bar. For example, a defendant who pleads guilty still may raise in habeas corpus proceedings the very power of the state to bring him into court to answer the charge brought against him, see Haring v. Prosise, 462 U.S. 306, 320 (1983) (citing Blackledge v. Perry, 417 U.S. 21, 30 (1974) (defendant who pled guilty allowed to challenge indictment on grounds of prosecutorial vindictiveness)), and raise a double jeopardy claim, see id. (citing Menna v. New York, 423 U.S. 61 (1975)).

[3] "[A] plea of nolo contendere shall be considered the same as a plea of guilty and [ ] upon a plea of nolo contendere, the court shall find the defendant guilty. The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes." Cal. Pen. Code § 1016.

5

the Court must first determine whether defense counsel Carl rendered ineffective assistance when she advised petitioner to plead no contest.

The record does not support a conclusion that Carl rendered ineffective assistance, especially when one considers the strength of the evidence against petitioner, the term of imprisonment petitioner faced if convicted at trial, and petitioner's statements when he entered his plea. As to the first point, the prosecution's evidence was strong. Officer Zaidi testified at the preliminary hearing that he witnessed petitioner, with whom he was familiar, chase after the victim, Bill Wilford, who knew petitioner, and strike him "multiple times . . . with a black metal object." (Ans., Ex. 1 at 10–11.) Wilford, according to the testimony of a second officer, later identified petitioner from a photograph line-up. (Id. at 32.) As to the second point, if convicted at trial, petitioner would have faced eight years in prison. (Id., Ex. 2, Vol. 2 at 5.) Petitioner was in fact sentenced to four years. As to the third point, petitioner stated under oath that his decision to enter a plea was the result of sufficiently long discussions with his trial counsel about the nature, elements of, defenses to, and the consequences of pleading to, the charges. (Ans., Ex. 2, Vol. 2 at 3–7.) Such assertions at the plea hearing carry great significance. See Blackledge v. Allison, 431 U.S. 63, 73–74 (1977) (citations omitted). In sum, the evidence against petitioner was strong, and petitioner has not pointed to any defense or the existence of evidence favorable to him that was likely to have resulted in his acquittal. By pleading guilty, petitioner received a half the sentence he would have received had he been convicted at trial. On this record, petitioner has not shown that defense counsel Carl rendered ineffective assistance.

Petitioner asserted to the trial court that he had not been provided with the police dispatch printout prior to entering his plea, and that the printout provided substantial impeachment of the officer who arrested petitioner. However, counsel's failure to provide petitioner with the dispatch printout generated from the call radioed out after petitioner fled the crime scene would not change the ineffectiveness conclusion. The significance of the discrepancies between the radioed description of the suspect and petitioner — a three inch difference in height and no

6

description of a mark on petitioner's body — is clearly outweighed by the eyewitness evidence provided by Zaidi and the victim. Petitioner has not shown that a reasonable possibility existed that he would not have pleaded no contest had he known of the impeachment evidence prior to the entry of his plea.

Petitioner has not shown valid grounds for challenging the constitutional validity of his plea, whether on grounds of ineffective assistance or error by the trial court.[4] As his contentions for withdrawing his plea lack merit, Hove's alleged mishandling of the motion at issue does not constitute ineffective assistance. See Juan H., 408 F.3d at 1273. In addition, petitioner's allegations that Hove divulged privileged information is unsupported by the record.

As petitioner has not shown that he is entitled to habeas relief on his claims, the petition is DENIED.

## CONCLUSION

The state court's denial of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

---

[4] Petitioner contends in his Memorandum of Points and Authorities, but not in the petition proper, that the trial court violated his constitutional rights when it denied his motion to withdraw his plea. (Pet., P. & A. at 14.) As stated above, a petitioner challenging the constitutional validity of his plea by way of a federal habeas petition has two possible grounds for relief. As shown, petitioner has not shown that he is entitled to relief on either as regards his ineffective assistance claim. It appears that petitioner's decision was knowing and voluntary, and that counsel's advice was constitutionally adequate. On this same record, petitioner has not shown that the trial court's decision to deny the motion was constitutionally infirm.

The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: September 1, 2010

*[signature]*

SUSAN ILLSTON
United States District Judge